UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| NATASHA RAE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-13-NAB |
| | ) | |
| CHRIS MCBEE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the letter of *pro se* petitioner Natasha Rae Smith (hereinafter "Smith"). (Doc. 15.) The Court construes this letter as a motion for the appointment of counsel. The motion will be denied without prejudice.

**I.      Status of the Case**

Smith filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 18, 2019. According to the Petition, Smith pleaded guilty pursuant to an agreement with the State to second-degree murder. She was sentenced to twenty-three years' incarceration.

Over the past seven months, Smith has sent the Court three letters. Each letter generally asks for an update on the progress or status of her case. In response to her first letter, the Clerk's Office sent Smith a copy of the case docket sheet, reflecting docket activity thus far in this case. (Doc. 13.) In response to the second letter, the Clerk's Office sent Smith an updated copy of the case docket sheet and a copy of the Case Management Order, reflecting the schedule in this case. (Doc. 14.)

The third letter is currently before the Court. (Doc. 15.) In the letter, Smith states she was transferred to the Chillicothe Correctional Center in October 2020 and does not know whether she

should restart her writ of habeas corpus because she now resides under a different warden. Smith also asks if she may re-request legal representation, what she should do next, and how she will know the answer to her appeal. (Doc. 15.)

At the inception of her case, Smith resided at the Women's Eastern Reception, Diagnostic, and Correctional Center in Vandalia, Missouri. Smith appropriately named Angela Mesmer, Warden of the Women's ERDCC as the Respondent in her case. However, Smith currently resides at Chillicothe Correctional Center in Chillicothe, Missouri. Therefore, the Court will change the Respondent's name in this action to the Warden of the Chillicothe Correctional Center, Chris McBee.

As is reflected in the docket sheet and the Case Management Order, Smith's Petition for Writ of Habeas Corpus remains pending before the Court. After Smith filed the Petition, Respondent was given the opportunity to respond to Smith's Petition. On June 1, 2020, Respondent filed a Response to Order to Show Cause and eight exhibits in support of her Response, explaining why Respondent believes that Smith's Petition should be denied. (Doc. 12.) Pursuant to the Case Management Order, Smith, as Petitioner, could have chosen to file a reply to Respondent's Response to Smith's Petition. (Doc. 6.) If Smith failed to file a reply within sixty (60) days of the date of the Response, then Smith's right to file a reply was waived. (Doc. 6.) Smith did not file a reply within sixty days, and the time to do so has passed. Thus, Smith waived her right to file a reply, and her Petition for Writ of Habeas Corpus is fully briefed and is ready to be ruled upon. However, due to the Court's current caseload and the number of pending cases and motions filed *before* Smith's Petition was filed, the Court may be unable to rule on Smith's Petition as quickly as Smith wishes to be heard. When the Court is able to fully direct its attention to the merits of

Smith's Petition, the undersigned will conduct a thorough analysis of the claims and arguments and will issue a Memorandum and Order addressing Smith's claims.

## II.     Motion for Appointment of Counsel

The Court construes Smith's letter asking "Am I able to re-request legal representation again?" as a second motion to appoint counsel. Smith's first motion to appoint counsel was denied without prejudice. (Doc. 7.)

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. The undersigned has reviewed the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1), and the Court does not believe that either the factual or legal issues are complex. Moreover, it appears that Smith can adequately articulate and present her claims to the Court, and therefore it cannot be said that she would substantially benefit from the appointment of counsel. Thus,  the Court finds that neither the interests of justice nor due process

requires the appointment of counsel. Petitioner's motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED without prejudice.** (Doc. 15.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the Respondent's name in this action to the Warden of the Chillicothe Correctional Center, Chris McBee.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of July, 2021.