UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NATASHA R. SMITH, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) ) Case No. 2:20-CV-13-RHH |
| CHRIS MCBEE, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Natasha Rae Smith ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The State has filed a response. (ECF No. 12.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 19.) For the reasons that follow, the petition will be denied.

**I.    FACTUAL BACKGROUND**

The charges against Petitioner arose out of events that took place in St. Charles County. On July 23, 2016, a victim was killed by being stabbed as a result of the attempted perpetration of first degree assault. The actual stabbing of the victim was done by Petitioner's co-defendant. Petitioner was the driver during the events and participated in the planning of the assault with her two co-defendants. (Resp't Ex. A at 5-6, 9-10.)

On November 17, 2017, Petitioner changed her plea from not guilty and pleaded guilty to one count of murder in the second degree. (ECF No. 1; Resp't Ex. D.) An alternative charge of

murder in the first degree was dismissed in exchange for Petitioner's plea to murder in the second degree. At the hearing, Petitioner was sworn in and was represented by counsel.

Petitioner testified that she understood she was pleading guilty to the class A felony of murder in the second degree. She further testified that she understood the range of punishment for the offense was from ten to thirty years or life in prison, and that the State recommended 23 years' imprisonment. (Resp't Ex. A at 6-7.) Petitioner stated that she understood she would be required to serve at least 85% of her sentence for the offense. *Id.* at 7. She confirmed that her attorney had not promised her anything to get her to plead guilty, and that she was not threatened or coerced in any way to obtain a waiver of her rights and the entry of a guilty plea. *Id*. Petitioner testified that her counsel explained the charges to her, she understood the charges, and she had plenty of time to consult with her counsel about her plea. *Id.* at 8, 13, 17. She testified that she was fully and completely satisfied with the legal services received from her counsel. *Id.* at 17.

The court found that there was a factual basis for the charges against Petitioner and that Petitioner's guilty plea was voluntarily and intelligently made with a full understanding of the charge and consequences of pleading guilty. The court accepted Petitioner's plea, heard victim impact statements, and sentenced Petitioner to twenty-three years of imprisonment in the Missouri Department of Corrections pursuant to her plea agreement. (Resp't Ex. A at 13-16.) She filed no direct appeal.

Pursuant to Missouri Supreme Court Rule 24.035, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence on May 31, 2018. (Resp't Ex. E.) In the motion, Petitioner alleged that her conviction should be vacated due to ineffective assistance of counsel, threats of coercion by law enforcement, and judicial misconduct. *Id.* In support thereof, Petitioner implied her sentence was excessive by identifying cases where a defendant received a

shorter sentence than Petitioner's sentence "for a crime they actually committed." *Id.* at 2. Petitioner was appointed counsel, and on September 9, 2019, appointed counsel filed a Statement in Lieu of an Amended Motion. Counsel stated that she conferred with Petitioner, reviewed the original motion and the case file and determined there were no additional facts or arguments to raise in support of Petitioner's claims and no additional issues to be raised on Petitioner's behalf. (Resp't Ex. F.) On September 11, 2019, Petitioner filed a Voluntary Dismissal. The voluntary dismissal stated that Petitioner conferred with her counsel regarding the merits of the motion, and after careful consideration and discussion with counsel, Petitioner no longer wished to proceed with the motion. (Resp't Ex. G.) The motion stated Petitioner acknowledges the voluntary dismissal is with prejudice, Petitioner understands she cannot later file a subsequent Rule 24.035 motion, Petitioner understands her voluntary dismissal is a deliberate bypass of State remedies pursuant to Rule 24.035, and that she understands she is precluded from raising Rule 24.035 issues in a Writ of Habeas Corpus under 28 U.S.C. Section 2254. (*Id.* at 2.) The Voluntary Dismissal was signed by both Petitioner and her appointed counsel. On November 4, 2019, the Court granted Petitioner's request for voluntary dismissal. (Resp't Ex. H.)

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

3

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

4

**III.    DISCUSSION**

Petitioner raises four claims for federal habeas relief: (1) Petitioner's plea counsel was constitutionally ineffective for failure to communicate fully with her about what a plea deal meant; (2) Petitioner's sentencing was illegal because she did not intend to cause serious physical injury; (3) Petitioner's plea counsel was constitutionally ineffective because after Petitioner stated in open court that she did not intend for the victim to sustain serious physical injury, her charge should have been involuntary manslaughter; and (4) Petitioner's plea counsel was constitutionally ineffective for allowing and encouraging her to plea to a 23-year sentence while her co-defendant received a 10-year sentence.

**A.    Petitioner's Claims are Procedurally Defaulted.**

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. *Id.* at 1150 (cited case omitted). A state prisoner who "fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (cleaned up) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to

5

'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Id.* at 411-12. A state-law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412.

If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which she may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Here, Petitioner did not raise the issues brought in her § 2254 Petition before the Missouri appellate court. She did not appeal her conviction, and she withdrew her post-conviction relief motion while it was pending before the motion court. In her voluntary withdrawal of her post-conviction motion, Petitioner stated she understood she is precluded from raising the issues in a federal habeas petition. Therefore, Petitioner has procedurally defaulted all issues raised in her § 2254 Petition. To the extent Petitioner argues that her procedural default should be excused, the Court finds that Petitioner has not demonstrated cause and/or actual prejudice to excuse her procedural default. Therefore, because Petitioner has not sufficiently alleged cause to overcome the procedural default, federal habeas relief is not available, and all of Petitioner's habeas claims are denied.

### B.      Petitioner's Claims Would Also Fail on the Merits.

Although Petitioner cannot raise her habeas claims here due to her failure to exhaust the claims in state court, the undersigned will nevertheless briefly address the claims on the merits.

#### 1.  Factual Basis to Support Petitioner's Guilty Plea (Ground Two)

Petitioner characterizes her second claim for relief as "Illegal Sentencing." (ECF No. 1 at 6.) In support thereof, she states her crime should have been involuntary manslaughter, and she stated in open court that her intent was not to cause serious physical injury, which is a requirement for second degree murder. *Id.*

At her plea and sentencing, Petitioner's counsel announced her change of plea to guilty to murder in the second degree. (Resp't Ex. A at 2.) The plea court then asked Petitioner several questions related to her understanding of her guilty plea, and Petitioner answered the questions under oath. *Id.* at 3-5. Then, at the court's instruction, the prosecutor reviewed the nature and elements of the charges brought against Petitioner, the range of punishment, and the recommendation of the state. *Id.* at 5-6. The court then asked Petitioner additional questions related to her understanding of the charges, the range of punishment, her waiver of certain rights, and the voluntariness of her plea. *Id.* at 6-8. Petitioner then explained what happened:

> THE COURT: Are you pleading guilty to this offense because you are, in fact, actually guilty?
> THE DEFENDANT: Yes, sir.
> THE COURT: Tell me then in your own words, ma'am, exactly what you did. This -- I'll help you get started. It says here July 23, 2016.
> THE DEFENDANT: I gave Chris a ride, and I had somebody in the trunk of my car that didn't get along with him. And I thought it was just going to be a fight to cause serious physical injury, but it turned out to be worse than that.
> THE COURT: Who's Chris?
> THE DEFENDANT: Chris is the victim.
> THE COURT: Okay. All right. Go ahead.
> THE DEFENDANT: And so when the fight happened, I didn't know there was a knife involved or anything. I sat in my car. And we left the scene.
> THE COURT: Okay. So this Chris, is that C.G.?

7

THE DEFENDANT: Yes, sir.

\*\*\*

THE COURT: Okay. Was C.G. killed by being stabbed in this incident?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Is it your testimony that you, acting in concert with another, attempted to commit the Class A felony of assault in the first degree?

THE DEFENDANT: Yes, sir.

THE COURT: And describe that for me. What is it you were attempting to do in this assault? Give me a little more information on that.

THE DEFENDANT: I was attempting to have Chris beat up and not die. That was not on the -- that wasn't -- that was not what was supposed to happen.

THE COURT: I understand that, but was it – did you attempt to assault C.G.?

THE DEFENDANT: Not me, but the two other codefendants.

THE COURT: But acting in concert with this other person?

THE DEFENDANT: Yeah.

THE COURT: And was that your -- was that your purpose and your intent at this time?

THE DEFENDANT: Yes, sir.

MR. GROENWEGHE: Judge, if we can -- I'm sorry for interrupting. But if we could also -- if she will admit that not only was she intending for Chris to be beaten up, but she thought that he would sustain serious physical injuries as a result thereof.

THE COURT: Yeah, thank you. That's an element of Class A felony of assault in the first degree. So was it your intention that Chris would be seriously physically injured as a result of the assault?

THE DEFENDANT: Yes, sir.

THE COURT: Was that your intention?

THE DEFENDANT: No, sir.

THE COURT: No?

MS. THOMAN: Judge, can I have --

MR. GROENWEGHE: Let's set this for trial.

MS. THOMAN: Can I have a moment with her, please?

THE COURT: Yeah, let's go off the record and you can talk to your client.

(A discussion was held off the record.)

THE COURT: Let's go back on the record. Ms. Smith, did you get an opportunity to consult with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want to continue with your plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. So the question is, did you acting in concert then intend to cause serious physical injury through this assault to C.G.?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Are you sure?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. All right. Because you understand that's an important element?

> THE DEFENDANT: Yes, sir.
> THE COURT: All the elements are important but that needs to be clear. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay. Do you want to continue with your plea of guilty?
> THE DEFENDANT: Yes, sir.

(Resp't Ex. A at 9-12.)

When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991); *see also Middleton v. Roper,* 455 F.3d 838, 852 (8th Cir. 2006). "Unless there is a claim of innocence, there is not a federal constitutional requirement that a guilty plea have a factual basis." *Maxie v. Steele,* No. 4:12–CV–1978 NAB, 2014 WL 2863660, at *4 (E.D. Mo. June 24, 2014) (citing *Wabasha v. Solem,* 694 F.2d 155, 157 (8th Cir.1982)); *Davis v. Russell,* No. 4:08–CV–00138 CDP, 2011 WL 1770932, at *9 (E.D.Mo. May 10, 2011) (same). Here, Petitioner has never alleged that she was innocent of the charged offense.

In *Travis v. Lockhart,* 787 F.2d 409, 410 (8th Cir. 1986) (per curiam), the Eighth Circuit addressed the merits of a factual-basis-of-a-guilty-plea claim as presenting an issue about the knowing and voluntary nature of the plea. In this context,

> [a] state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge and the likely consequences of the plea. For a plea to be voluntary, a defendant must have knowledge of the law in relation to the facts. It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge.

*Maxie,* 2014 WL 2863660, at *4–5 (internal citations omitted).

Here, upon review of the record in this case, the Court finds that any contention by Petitioner that her guilty plea was unknowing and involuntary due to the insufficient factual basis for her plea is without merit. She admitted that she was guilty of the offense and that she understood the nature and elements of the crime. (Resp't Ex. A at 6-7, 13.) A habeas petitioner's

9

representations during the plea-taking "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout,* 902 F.2d 1368, 1370 (8th Cir. 1990) (citations omitted). Petitioner's initial statement when the Court asked her to tell what happened in her own words was that "I thought it was just going to be a fight *to cause serious physical injury*, but it turned out to be worse than that" and "I was attempting to have Chris beat up and not die. That was not… what was supposed to happen." (Resp't Ex. A at 9, 10 (emphasis added)). Then, when explicitly asked at the prosecutor's prompting to admit that she was intending not only for the victim to be beat up, but to sustain serious physical injuries as a result thereof, Petitioner responded "No, sir," at which point she discussed the issue off the record with her attorney, and then clarified on the record that she did intend to cause serious physical injury. *Id.* at 11-12. The court took care to ask if she was sure she intended to causer serious physical injury and wanted to continue with her plea, and Petitioner responded in the affirmative. *Id.*

To the extent Petitioner alleges that there was no factual basis for her plea, the undersigned disagrees. Here, the plea colloquy conducted by the Circuit Court of St. Charles County was sufficient to satisfy the Eighth Circuit's standard for a factual basis for a guilty plea. *See Maxie,* 2014 WL 2863660, at *4 ("It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge.") (quoting *Easter v. Norris,* 100 F.3d 523, 525 (8th Cir. 1996). Accordingly, there is no doubt that Petitioner was "given notice of the charge" of conviction and understood that charge before pleading guilty. Therefore, even if the claim was not procedurally defaulted, it would fail on the merits.

### 2. Assistance of Plea Counsel (Grounds One, Three, and Four)

Petitioner's claims that her plea counsel was ineffective for failing to fully communicate with her about what a plea deal meant (Ground One), for her charge of murder for the second

degree instead of involuntary manslaughter (Ground Three), and for allowing and encouraging her to plea to 23 years (Ground Four) implicate Petitioner's constitutional right to the effective assistance of counsel, and the constitutional requirement noted above, that for a guilty plea to be valid, it must be made with sufficient awareness of the likely consequences.

To obtain habeas relief on a claim of ineffective assistance of plea counsel, Petitioner must show that her counsel's performance was deficient, that is, that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that Petitioner would not have pleaded guilty to the charges and would have insisted on going to trial but for that deficient performance. *Hill v. Lockhart,* 474 U.S. 52, 57–59 (1985); *Wilcox v. Hopkins,* 249 F.3d 720, 722 (8th Cir. 2001). And to satisfy the voluntariness requirement, the defendant pleading guilty must be fully aware of the direct consequences of the plea. *Brady,* 397 U.S. at 755.

Petitioner's ineffective assistance claims fail due to failure to exhaust them in state court. However, they also fail for the simple reason that Petitioner has not demonstrated any errors, serious or otherwise, committed by plea counsel. For example, Petitioner first claims that plea counsel failed to fully communicate with her about what a plea deal meant. However, there is nothing in the Petition or in the record to identify what further information or explanation regarding the plea deal was required and whether the disclosure of said information would have resulted in Petitioner choosing to go to trial in lieu of pleading guilty. The petition states that plea counsel "sped through everything with no communication," but while under oath before the plea court, Petitioner testified that she had plenty of time to consult with her lawyer about all of the consequences of pleading guilty. (*Compare* ECF No. 1 at 4 *with* Resp't Ex. A at 8.) Petitioner's vague allegation regarding lack of communication fails to state specific facts with sufficient particularity "to enable the court to determine, from the face of the petition alone, whether the

11

petition merits further habeas corpus review." *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990). Pro se petitions—while liberally construed—must still sufficiently present a claim. *Miller v. Kemna,* 207 F.3d 1096, 1097 (8th Cir. 2000.) Petitioner's first ground for relief therefore fails.

Similarly, Petitioner's second claim of ineffective assistance is that "[a]fter stating in open court that I was not intending for the victim to sustain serious physical injury-therefore my charge should have been involuntary manslaughter and my attorney spoke off record privately with judge-my crime did not meet the element of the crime." (ECF No. 1 at 7.) These allegations are similar to the allegations raised in Ground Two regarding illegal sentencing. As an initial matter, Petitioner has not identified how plea counsel was constitutionally ineffective in relation to the charge of second degree murder brought by the prosecutor, and for that reason alone, she cannot meet the performance prong of *Strickland.* Moreover, for the reasons stated above, such an ineffective assistance of counsel claim related to the sentencing for murder in the second degree is meritless. The trial court clarified Petitioner's admissions regarding serious physical injury on the record, *see supra*, and her petition is insufficient to overcome her sworn statements during the plea. *See Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) ("[O]nce a person has entered a guilty plea any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (internal quotation omitted). Ground Three therefore fails.

Petitioner's third claim of ineffective assistance, Ground Four, is that her counsel allowed and encouraged her to plea to twenty-three years when her co-defendant received ten years. (ECF No. 1 at 9.) The petition again fails to state specific facts with sufficient particularity to present a claim. *See Blackledge v. Allisson,* 431 U.S. 63, 76 n.7 (1977) (mere "notice pleading" is insufficient, the petition is expected to state facts that point to a real possibility of constitutional

12

error) (internal quotation omitted). Petitioner has not identified how her counsel's performance was deficient, nor has she identified how her counsel's conduct resulted in prejudice. Therefore, Petitioner has failed to establish entitlement to habeas relief. Moreover, to the extent Petitioner is arguing that counsel was ineffective for failure to argue she should receive the same ten-year sentence received by her co-defendant, Petitioner has still not met her burden.

During her plea, the prosecutor explained that the range of punishment for the offense was ten to 30 years or life in prison, and that the state's recommendation in this case was 23 years' imprisonment. (Resp't Ex. A at 6.) Petitioner testified that she understood the range of punishment and the state's recommendation. *Id.* at 7. There is no mention of co-defendant's sentence in the record and Petitioner is not entitled to a lesser sentence because her co-defendant received a lesser sentence. The record reflects that Petitioner came to an agreement with the state, Petitioner understood the range of punishment, and Petitioner knew that the state was recommending a 23-year sentence. Counsel's failure to raise co-defendant's sentence as an argument during sentencing does not constitute constitutionally deficient performance. *See, e.g., Johnson v. Cassady*, No. 4:16 CV 1310 CDP, 2018 WL 6046395, at *3 (E.D. Mo. Nov. 19, 2018) (rejecting ineffective assistance of counsel claim where attorney failed to argue petitioner should receive the same 15-year sentence as his co-defendant); *see also Shafer v. Bowersox*, 168 F. Supp. 2d 1055, 1090 (E.D. Mo. 2001), *aff'd,* 329 F.3d 637 (8th Cir. 2003) (the proper proportionality analysis is whether the punishment petitioner received was disproportionate to his crime, not whether his co-defendant received a lesser punishment).

In sum, Petitioner's responses at her guilty plea and sentencing demonstrate that she understood the alternatives open to her and chose to plead guilty to avoid a trial. Petitioner has not

demonstrated that counsel was ineffective or misled her into pleading guilty against her will or better judgment. Therefore, her ineffective assistance of counsel claims fail.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

Dated this 27th day of March, 2023.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE